**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**LINDA GOROSPE,**

    **Plaintiff,**

                                      **CASE NO.:**

**v.**

**STERLING INC.,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Linda Gorospe, by and through undersigned counsel, brings this action against Defendant, Sterling Inc., and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 621 et seq. and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq.

2. Venue is proper in this district, because all of the events giving rise to these claims occurred in this County.

**PARTIES**

3. Plaintiff is a resident of Broward County, Florida.

4. Defendant operates a jewelry retail business in Plantation, in Broward County, Florida.

## GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADEA.

9. At all times material hereto, Defendant employed twenty (20) or more employees. Thus, Defendant is an "employer" within the meaning of the ADEA.

10. At all times material hereto, Plaintiff was an employee of Defendant.

11. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

## FACTS

12. Plaintiff began working for Defendant in July 2006 as a Diamond Sales Associate, and worked in this capacity until October 30, 2019.

13. Plaintiff is fifty-nine (59) years of age.

14. Wali Jailani ("Jailani"), Plaintiff's District Manager, repeatedly made age comments such his desire to get rid "of the old and in with the new."

15. Jailani harassed Plaintiff about her numbers and sales even though she was out-performing her younger peers.

16. Jailani hired an assistant store manager that was significantly younger than Plaintiff. The assistant store manager also harassed Plaintiff about her sales numbers despite Plaintiff having the highest sales volume of the store.

17. On or about October 21, 2019, Plaintiff complained about the disparate treatment that she was receiving based on her age by contacting Defendant's "TIPS" line.

18. After Plaintiff contacted the TIPS line, on the very next day and at the instruction of Jailani, the store manager and the assistant store manager, gave Plaintiff a written counseling allegedly for performance even though her numbers exceeded all other associates.

19. After Respondent gave Plaintiff a written counseling, Defendant failed to do so for the other associates, Carmen Torres ("Torres") and Fernando Guzman ("Guzman") who were younger than Plaintiff and did not perform as well as Plaintiff.

20. Instead, Defendant tried to make their efforts look less like they were singling out the oldest and highest performing sales associate by asking Guzman to come into the office after giving Plaintiff her written counseling. However, Defendant only gave Guzman an alleged 'verbal' warning.

21. Guzman admitted, in writing, to Plaintiff that he was only given a verbal counseling and nothing more.

22. At first, however, Torres was never brought into the office for any counseling and did not receive any counseling at all. It was only after Plaintiff pointed out the blatant disparate treatment that Torres was given a counseling.

23. On or about October 30, 2019, only nine days after Plaintiff's first complaint to Defendant's TIPS line, Plaintiff felt compelled to resign and Jailani dictated what Plaintiff should write in her resignation letter effectively constructively discharging her.

**COUNT I – ADEA VIOLATION**

24. Plaintiff realleges and readopts the allegations of paragraphs 1-9 and 12-23 of this Complaint, as though fully set forth herein.

25. As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

26. Plaintiff was subjected to disparate treatment based on her age.

27. Defendant's actions were willful and done with malice.

28. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) An injunction restraining continued violation of the ADEA;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Reinstatement of Plaintiff to a position comparable to her prior position with back pay plus interest, or in the alternative, front pay;

    f) Liquidated damages in an amount equal to Plaintiff's total damages;

    g) Prejudgment interest on all monetary recovery obtained.

    h) All costs and attorney's fees incurred in prosecuting these claims; and

    i) For such further relief as this Court deems just and equitable.

## COUNT II – ADEA RETALIATION

29. Plaintiff realleges and readopts the allegations of paragraphs 1-9 and 12-23 of this Complaint, as though fully set forth herein.

30. As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

31. Plaintiff engaged in protected activity under the ADEA by filing a complaint with Defendant's TIPS line.

32. Defendant retaliated against Plaintiff for engaging in protected activity under the ADEA by giving her pre-textual written discipline and terminating her employment.

33. Defendant's actions were willful and done with malice.

34. In giving her pre-textual written discipline and terminating her employment, Defendant took material adverse action against Plaintiff.

35. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) An injunction restraining continued violation of the ADEA;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Reinstatement of Plaintiff to a position comparable to her prior position with back pay, or in the alternative, front pay;

    f) Liquidated damages in an amount equal to Plaintiff's total damages;

    g) Prejudgment interest on all monetary recovery obtained.

    h) All costs and attorney's fees incurred in prosecuting these claims; and

    i) For such further relief as this Court deems just and equitable.

## COUNT I – FCRA VIOLATION
### (DISCRIMINATION)

36. Plaintiff realleges and readopts the allegations of paragraphs 1-7 and 10-23 of this Complaint, as though fully set forth herein.

5

37. Plaintiff is a member of a protected class under the FCRA.

38. Plaintiff was subjected to disparate treatment on account of her age, including giving her pre-textual discipline and terminating her employment.

39. Defendant's actions were willful and done with malice.

40. Plaintiff was injured due to Defendant's violations of the FCRA, for which is entitled to relief.

**WHEREFORE**, Plaintiff demands:

j) A jury trial on all issues so triable;

k) That process issue and this Court take jurisdiction over the case;

l) Compensation for lost wages, benefits, and other remuneration;

m) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

n) Any other compensatory damages, including emotional distress, allowable at law;

o) Punitive damages;

p) Prejudgment interest on all monetary recovery obtained.

q) All costs and attorney's fees incurred in prosecuting these claims; and

r) For such further relief as this Court deems just and equitable.

## COUNT II – FCRA RETALIATION

41. Plaintiff realleges and readopts the allegations of paragraphs 1-7 and 10-23 of this Complaint, as though fully set forth herein.

42. Plaintiff is a member of a protected class under the FCRA.

43. Plaintiff engaged in protected activity under the FCRA by reporting the discrimination to Defendant's TIPS line.

44. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by giving her pre-textual discipline and terminating her employment.

45. Defendant's actions were willful and done with malice.

46. By giving her pre-textual discipline and terminating her employment, Defendant took material adverse action against Plaintiff.

47. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

j) A jury trial on all issues so triable;

k) That process issue and that this Court take jurisdiction over the case;

l) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

m) Compensation for lost wages, benefits, and other remuneration;

n) Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

o) Front pay;

p) Any other compensatory damages, including emotional distress, allowable at law;

q) Punitive damages;

r) Prejudgment interest on all monetary recovery obtained.

s) All costs and attorney's fees incurred in prosecuting these claims; and

      t)      For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 4th day of March, 2021.

                Respectfully submitted,

                */s/ Brandon J. Hill*
                **BRANDON J. HILL**
                Florida Bar Number: 0037061
                Direct Dial: 813-337-7992
                **AMANDA E. HEYSTEK**
                Florida Bar Number: 0285020
                Direct Dial: 813-379-2560
                **WENZEL FENTON CABASSA, P.A.**
                1110 N. Florida Avenue, Suite 300
                Tampa, Florida 33602
                Main Number: 813-224-0431
                Facsimile: 813-229-8712
                Email: bhill@wfclaw.com
                Email: aheystek@wfclaw.com
                Email: aketelsen@wfclaw.com
                **Attorneys for Plaintiff**